**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **JOHN W. MCQUEEN,** : | |
| : | Case No. 2:15-CV-2777 |
| **Plaintiff,** : | |
| : | **JUDGE ALGENON L. MARBLEY** |
| v. : | |
| : | Magistrate Judge Kemp |
| **COMMISSIONER OF IRS,** : | |
| : | |
| **Defendant.** : | |

**OPINION & ORDER**

This matter is before the Court on Plaintiff John W. McQueen's Motion for Reconsideration (Doc. 8.) of the Court's January 14, 2016 Order adopting the Magistrate Judge's October 22, 2015 Report and Recommendation, which dismissed this case and entered judgment in favor of Defendant. (Doc. 6.) For the reasons that follow, the Court **DENIES** the Motion.

### I. BACKGROUND

On September 4, 2015, Plaintiff John W. McQueen filed a motion for leave to proceed *in forma pauperis* along with a proposed civil complaint seeking relief against the United States and the Commissioner of the United States Department of the Treasury's Internal Revenue Service ("IRS"). (Doc. 1.) Plaintiff disputes the withholding of his 2014 tax return, which the IRS used to repay an outstanding 17-year-old educational loan debt. Plaintiff asserts that the IRS's withholding the tax return to pay Plaintiff's debt was barred by the statute of limitations, and that he is entitled to a refund of the withheld monies along with damages amounting to $1,000,000. (Doc. 2.)

On October 22, 2015, the Magistrate Judge issued its Report and Recommendation, stating that Plaintiff should be permitted to proceed *in forma pauperis*, but that the case should

1

nonetheless be dismissed. (Doc. 3.) Citing the Higher Education Technical Amendments of 1991, the Magistrate Judge concluded that Congress had eliminated any statute of limitations for the repayment of federal educational loans (Pub. L. No. 102-26), nullifying Plaintiff's argument that collection of his tax return to offset his outstanding debt was time-barred. (Doc. 3 at 8.)

Absent an objection from Plaintiff, this Court adopted the Report and Recommendation, dismissed Plaintiff's claims, and entered judgment in favor of Defendant on January 14, 2016. (Doc. 6.) Upon receiving notice of the decision, Plaintiff filed this Motion for Reconsideration on January 27, 2016. (Doc. 8.)

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 59(e), a court will reconsider its own prior decision "if the moving party demonstrates: (1) a clear error of law; (2) newly discovered evidence that was not previously available to the parties; or (3) an intervening change in controlling law." *Owner-Operator Indep. Drivers Ass'n, Inc. v. Arctic Express, Inc.*, 288 F. Supp. 2d 895, 900 (S.D. Ohio 2003) (citation omitted). A judgment also may be altered or amended when necessary "to prevent manifest injustice." *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). A motion under Rule 59(e), however, is not intended to re-litigate issues previously considered by the Court or to present evidence that could have been raised earlier. *See J.P. v. Taft*, No. C2-04-692, 2006 WL 689091, at *3 (S.D. Ohio Mar. 15, 2006) (citing *Brown v. City of Syracuse*, No. 5:01 CV 1523 FJS/DEP, 2005 WL 2033492, at *1-2 (N.D.N.Y. Aug. 17, 2005)). A finding of manifest injustice or a clear error of law requires "unique circumstances," such as complete failure to address an issue or claim. *McWhorter v. ELSEA, Inc.*, No. 2:00-CV-473, 2006 WL 3483964, at *2 (S.D. Ohio Nov. 30, 2006) (citations omitted).

### III. ANALYSIS

Finding that the offset of Plaintiff's tax return was not time-barred, the Magistrate Judge recommended the claim be dismissed. (Doc. 3.) Subsequently, this Court upheld that Recommendation (Doc. 6.) In the time since, Plaintiff has not presented a "clear error of law," "newly discovered evidence that was not previously available to the parties," or "an intervening change in controlling law" to justify a reconsideration of this Court's Jan. 14 Order. *See Owner-Operator Indep. Drivers Ass'n, Inc.*, 288 F. Supp. 2d at 900. Plaintiff's Objection provides no cognizable argument why anything discussed this Court's prior Order was in error or against the interest of justice.

Plaintiff's only argument as to why the Court should reconsider its Order is off topic. Plaintiff argues a novel due process claim, namely that the IRS could not have legitimately withheld the funds without providing him notice and an opportunity to be heard. (Doc. 8.) This issue was neither raised in Plaintiff's Complaint, briefed by any of the parties, nor encompassed in the Report and Recommendation. As such, the Court must deny Plaintiff's Motion, because he has failed to direct the Court to any deficiency in the Report and Recommendation. *See Owner-Operator Indep. Drivers Ass'n, Inc. v. Arctic Express, Inc.*, 288 F. Supp. 2d at 900 (S.D. Ohio 2003) ("Motions for reconsideration do not allow the losing party 'to repeat arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier.'") (citing *Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc.,* 899 F.2d 119, 123 (1st Cir. 1990)).

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the Motion for Reconsideration.

**IT IS SO ORDERED.**

                                                        s/ Algenon L. Marbley
                                            **ALGENON L. MARBLEY**
                                            **UNITED STATES DISTRICT JUDGE**

**DATED: August 22, 2016**